I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/1/2015

D. Vo
DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT
APR - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY            DV            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. KOONIN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. CV 13-9069-AG (AN)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files herein, including the Magistrate Judge's Report and Recommendation (R&R"), and plaintiff's Objections ("Objs.") thereto. Further, the Court has made a <u>de novo</u> determination of those portions of the R&R to which objections have been made.

The Magistrate Judge found that the gravamen of the factual allegations underlying the <u>Bivens</u> and FTCA claims alleged in the complaint was that, in its published opinion affirming plaintiff's underlying conviction, the Ninth Circuit panel falsely reported that plaintiff's intended victim named plaintiff as the beneficiary in three insurance policies rather than plaintiff's former friend, Abel. The Magistrate Judge further found that plaintiff's claims were factually frivolous because, in its published official opinion, the Ninth Circuit accurately reported that the intended victim's insurance policies named Abel, not plaintiff, as the beneficiary. <u>See United</u>

1

1  States v. Koonin, 361 F.3d 1250, 1251 (9th Cir. 2004).

2         In his Objections, plaintiff now asserts the Magistrate Judge erred because the claims he alleged in the complaint are directed at the unofficial one-paragraph case summary prepared by LexisNexis that appears at 2004 U.S. App. LEXIS 5535, not the Ninth Circuit's published opinion. However, the Court concurs with the Magistrate Judge's construction of the gravamen of the factual allegations underlying the Bivens and FTCA claims alleged in the complaint. The Court also concurs with the Magistrate Judge that plaintiff's claims are factually frivolous because the Ninth Circuit's published opinion accurately reported that Abel, not plaintiff, was named as the beneficiary in the intended victim's insurance policies. The Court also concurs with the Magistrate Judge that plaintiff's claims are legally frivolous under the judicial immunity doctrine.

        To the extent that plaintiff now appears to be attempting to recharacterize his claims as not directed at the actions of any Ninth Circuit judicial officers or employees, but rather at the actions of the LexisNexis employee(s) who prepared the inaccurate one-paragraph case summary, the Court notes that the FTCA only provides a remedy for tortious conduct committed by Government employees. See 28 U.S.C. § 2679(b). Moreover, plaintiff cannot allege a viable Bivens claim against the LexisNexis employee(s) who prepared the inaccurate one-paragraph case summary because Bivens does not extend to alleged wrongs committed by privately employed individuals alleged to have denied a plaintiff's constitutional rights where state tort law provides adequate alternative remedies. See Minneci v. Pollard, - U.S. -, 132 S. Ct. 617, 620, 181 L. Ed. 2d 606 (2012).

        The Court therefore also concurs with the Magistrate Judge that the pleading deficiencies of the complaint are incapable of being cured by amendment.

        The Court's comments above are not intended to be responsive to every single argument made by plaintiff. However, having made a de novo determination of those portions of the R&R to which objections have been made, the Court accepts the

findings and recommendation of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered dismissing the complaint with prejudice.

DATED: MARCH 29, 2015

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE